UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BILL RZADKOWOLSKI, D/B/A AD-RITE OUTDOOR,

Plaintiff,

v.

METAMORA TOWNSHIP,

Defendant.
_______________________________/

Case No. 14-12480

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
MONA K. MAJZOUB

**ORDER GRANTING DEFENDANT'S MOTION FOR RECONSIDERATION [51]; DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION [52]**

Plaintiff brought this suit against Defendant alleging a violation of First and Fourteenth Amendment Free Speech rights, prior restraint, unlawful taking, violation of equal protection, and an unconstitutional tax surrounding the denial of several variances for Plaintiff's non-conforming sign. In an Order and Opinion issued by the Court on May 12, 2016, the Court found that Defendant prevailed on all claims outside of the prior restraint claim and found that Section 1801(c) of the Township Ordinance was unconstitutional. On May 25, 2016 Defendant filed a Motion for Reconsideration [51] of the Order and requested the Court to enter an Order granting summary judgment for Defendant on the issue of prior restraint. On May 26, 2016 Plaintiff filed a Motion for Reconsideration [52] requesting that the

Court award Plaintiff at least nominal damages and strike the entire Township's Ordinance as a result of its finding regarding prior restraint.

For the reasons stated below, the Defendant's Motion for Reconsideration [51] is **GRANTED** and Plaintiff's Motion for Reconsideration [52] is **DENIED**. Accordingly, the Court's Order [49] is **VACATED in part** and summary judgment on the prior restraint claim is **GRANTED** in Defendant's favor and the case is closed.

## FACTUAL BACKGROUND

In the Order under reconsideration, the Court recounted the factual background of the case as follows:

> **1. LOCAL ZONING ORDINANCE AT ISSUE**
>
> On April 13, 1987, the Township of Metamora adopted Ordinance 23 ("Zoning Ordinance") [22-D]. The Purpose for the Zoning Ordinance signage regulations are found in Article 1, Section 1. This purpose reads as follows:
>
>> The purpose of this ordinance is to promote the public health, safety, morals and general welfare; to encourage proper use of land and natural resources in order to ensure their protection and preservation and limit their improper use; to limit the inappropriate overcrowding of land and congestion of population, transportation, systems and other public facilities; to provide adequate light, air and open spaces; to reduce hazards to life and property; to facilitate adequate and efficient provision for transportation systems, sewage disposal, water, energy, education, recreation, and other public service and facility requirements; to meet the needs of all citizens for food, fiber, energy, places of residence, recreation, employment, trade, service, and other

> uses of land; to ensure that uses of the land shall be situated in appropriate locations and relationships; and to conserve the expenditure of funds for public improvements and services.

[22-d].

Billboards are regulated under subsection E(6) of Article 15, Section 22. Billboards are permitted in general business (B-2) and light manufacturing districts (M-1). *Id.* Further restricting legal billboards in these areas, the ordinance states that to be conforming, billboards in B-2 and M-1 districts must be on property occupied by an existing business, shall not exceed 100 square feet, and shall be no closer than 1000 feet to another sign or to a residential district. *Id.* Legal, conforming billboards cannot interfere with driver visibility and/or cause glare on adjoining properties. *Id.* Throughout the section relating to signage regulations, the following considerations are mentioned: driver visibility and the impact on adjacent property; public convenience, safety and health; and consistency with the character of the surrounding neighborhood. [22-D at 1522 - Section A (11); Section A (12); Section H].

These sign regulations have existed in this form since they were adopted on February 21, 2002. In an affidavit, Ann Derderian, a member of the Township's Planning Commission who was involved in the amendment process, states that the following interests were behind the sign regulations as they currently exist: (1) preserving aesthetics and character of the community; (2) minimizing clutter and visual blight to maintain a vibrant business district; (3) maintaining satisfactory open space; (4) minimizing traffic obstructions and visual hazards; (5) enhancing property values and promoting community satisfaction; (6) maintaining the character of the community and meeting the expectations of its residents as a largely residential and agricultural Township [22-F].[1]

[1] In *Pagan v. Fruchey*, 492 F.3d 766, 773 (6th Cir. 2007), an affidavit was sufficient to meet the second prong of the *Central Hudson* test of identifying a government's substantial interest and will thus be considered alongside the purpose of the Zoning Ordinance in the *Central Hudson* analysis below.

The process for site plan review and approval is set forth in Article 15, Section 24, subsection E, which provides the following factors to consider when evaluating a proposed site plan: impact on parking and traffic; impact on adjoining properties; impact on natural features and characteristics of the land; contribution of noise, odor and excess light.

## 2. PLAINTIFF'S REQUEST FOR VARIANCE

Plaintiff's current billboard was erected before the Sign Ordinance took effect. It is 378 square feet in area, thirty feet in height, is located within 1000 feet of another billboard in a B-1 Local Business District where billboards are prohibited [1 at 11 ¶13]. Because the sign was erected before the Ordinance was passed, it is thus a legal non-conforming use that was grandfathered in under M.C.L. § 125.3208(1). *Id.* Utility poles and electric lines partially obstruct the view of the North and South faces of Plaintiff's billboard [17-D].

To eliminate these obstructions, Plaintiff proposed a plan to move the billboard across the street to property he owns, located at 3777 S. Lapeer Road. This property is located in a B-2 General Business District and is approximately 500 feet north of the billboard's current location. Prior to purchasing the property, Plaintiff contacted the township and was informed that if he wanted to place his billboard there, he would present a non-conforming use that would require several variances, including variances from the Sign Ordinance's size, height, spacing and existing business requirements. Despite this information, Plaintiff purchased the property and subsequently petitioned the Township of Metamora Zoning Board of Appeals (ZBA) for these variances.

On April 17, 2014, the ZBA held a public hearing on the application. There were two objections from neighboring property owners to the proposed variances. The ZBA denied the variances, stating that the request was denied because the Plaintiff knew that multiple variances would be required before buying the property, there were objections to the proposed billboard move from neighboring property owners, and the need for multiple variances itself.

## STANDARD

Local Rule 7.1(h)(3) provides that:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

*See Hansmann v. Fid. Invs. Institutional Servs. Co.*, 326 F.3d 760, 767 (6th Cir. 2003) (A motion for reconsideration is granted only "if the movant demonstrates that the district court and the parties have been misled by a palpable defect, and correcting the defect will result in a different disposition of the case"). "A palpable defect is a defect which is obvious, clear, unmistakable, manifest or plain." *Fleck v. Titan Tire Corp*., 177 F. Supp. 2d 605, 624 (E.D. Mich. 2001) (internal citations and quotations omitted). "The decision whether to grant reconsideration lies largely within the discretion of the court." *Yuba Natural Res., Inc. v. United States*, 904 F.2d 1577, 1583 (Fed. Cir. 1990).

## ANALYSIS

In its Motion for Reconsideration [51], Defendant claims, *inter alia*, that the Court committed a palpable defect when it concluded that Section 1801(C) was not objective or specific. Defendant points out that the section is specific in the

following ways: (1) the issuance of a variance requires the Commission to consider whether the circumstances at issue in the case before the them are unique to property being considered when compared with other property in the same district; (2) the Commission must consider whether the denial of the variance would deprive the applicant of rights enjoyed by others; (3) whether the circumstances surrounding the requirement of a variance were created by actions of the applicant; and (4) whether the granting of the variance would give privileges to the applicant that others do not enjoy. Defendant clarifies that the terms that the Court found to be subjective, such as "special conditions," are in fact "further clarified, qualified, and/or explained by additional language in the ordinance." [51 at 10]. Defendant also points to the decision of the Supreme Court in *Thomas v. Chicago Park District* to argue that the criteria found in Section 1801(C) are "reasonably specific and objective" to "not leave the decision to the whim of the administrator" given that the standard is "narrowly drawn, reasonable and definite." 534 U.S. 316, 324 (2002).

After reviewing Defendant's arguments regarding the decision of the Court on the prior restraint issue, the Court agrees that an error was committed in granting summary judgment on this issue in favor of the Plaintiff. Defendant's Motion for Reconsideration persuasively points the Court to the Ordinance which

contains objective and specific definitions of the terms that the Court previously considered to be subjective [51-2 at 15]. While this evidence was not pointed out to the Court in the earlier Motions or at the hearing, with the additional knowledge of the definition of these terms contained in the Ordinance, what was previously considered to be subjective and without any basis for determination becomes objective and specific guidance for the decisionmakers that allows an appropriate amount of discretion. For example, a "practical difficulty on the subject site" is defined as "exceptional narrowness, shallowness, shape or area, presence of floodplain, [or] exceptional topographic conditions." *Id*.

Given that, in its previous Order, the Court found that the specific sign ordinance sections of the Zoning Ordinance were a part of the zoning ordinance itself rather than a separate and distinct policy, the Court finds that these definitions can be applied to the Section 1801(C) regarding the granting of variances. *CBS Outdoor, Inc. v. City of Royal Oak*, No. 11-13887, 2012 WL 3759306, at *7 (E.D. Mich. Aug. 29, 2012); [Dkt. 49]. Therefore, the Court concludes that Section 1801(C) is reasonably objective and specific and is not a prior restraint on speech.

In conclusion, Defendant's Motion for Reconsideration [51] is granted and summary judgment is granted on the prior restraint issue on behalf of the

Defendant. Accordingly, Plaintiff's Motion for Reconsideration [52] is denied as the previous holding of the Court regarding prior restraint on behalf of the Plaintiff is vacated, so his arguments in his motion are now moot and the case is closed.

**IT IS ORDERED** that Defendant's Motion for Reconsideration [51] is **GRANTED** and summary judgment on the prior restraint claim is **GRANTED** on behalf of the Defendant**.**

**IT IS FURTHER ORDERED** that the Court's Order [49] is **VACATED in part** as to the prior restraint claim.

**IT IS FURTHER ORDERED** that Section 1801(c) of the Township Ordinance is constitutional.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Reconsideration [52] is **DENIED.**

**THIS CASE IS CLOSED.**

**SO ORDERED**.

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: June 13, 2016